# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation,, <br><br> Plaintiff, <br><br> v. <br><br> KUSUM VALI, INC., a California corporation, et al., <br><br> Defendant. | Case No. 11cv1277 BTM(WMc) <br><br> **ORDER RE: RELIEF FROM DEFAULT** |

    On September 19, 2011, Plaintiff filed a motion for default judgment against defendants Kusum Vali, Inc., Sunil Patel, Tejas Patel, and Navnit Khatri. On October 16, 2011, attorney Frank A. Weiser filed on behalf of Kusum Vali, Inc., Sunil Patel, and Tejas Patel, an "Opposition to the Motion for Entry of Default Judgment," consisting of a declaration of Sunil R. Patel ("Patel"), a declaration of Frank A. Weiser, a proposed Answer, and monthly rental reports. Patel declares that did not contact Mr. Weiser until after the defaults were entered due to a miscommunication between himself and his manager at the Valley View Inn. Patel explains that he did not pick up his mail on a daily basis and was suffering from emotional distress due to financial difficulties. He requests that he, Tejas Patel, and Kusum Vali, Inc., be allowed to defend themselves in this action and file the proposed Answer.

    Fed. R. Civ. P. 55(c) provides that a court may set aside the entry of default "for good cause shown." When considering a motion to set aside entry of default, courts may utilize

the list of grounds for relief set forth in Fed. R. Civ. P. 60(b). <u>Hawaii Carpenters' Trust Funds v. Stone</u>, 794 F.2d 508, 513 (9th Cir. 1986). However, the Rule 60(b) grounds are to be liberally interpreted when used on a motion for relief from an entry of default. <u>Id.</u>

Factors to be considered when deciding whether to set aside an entry of default judgment include: (1) whether the defendant's "culpable conduct" led to the default; (2) whether the plaintiff would be prejudiced by a set-aside; and (3) whether the defendant can present a meritorious defense to the claim. <u>Falk v. Allen</u>, 739 F.2d 46, 463 (9th Cir. 1984); <u>American Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1108 (9th Cir. 2000).

If Defendants wish to set aside the entries of default against them, they must file a noticed motion to do so. In the motion, Defendants must establish "good cause" for setting aside the entry of default and must address the three factors set forth above. With respect to the meritorious defense factor, Defendants must specifically explain their legal defense to Plaintiff's claims. Simple denials, such as the denials in the proposed Answer, will not suffice.

Defendants' motion to set aside the entry of default must be filed **on or before December 1, 2011**. Failure to do so may result in the entry of default judgment against Defendants. The hearing on the motion for default judgment is continued to **January 27, 2012 at 11:00 a.m.** Unless otherwise directed by the Court, there shall be no oral argument, and no personal appearances are necessary.

**IT IS SO ORDERED.**

DATED: November 15, 2011

*Barry Ted Moskowitz*
Honorable Barry Ted Moskowitz
United States District Judge