# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation,,<br><br>Plaintiff,<br><br>v.<br><br>KUSUM VALI, INC., a California corporation, et al.,<br><br>Defendant. | Case No. 11cv1277 BTM(WMc)<br><br>**ORDER CONDITIONALLY GRANTING MOTION TO SET ASIDE ENTRY OF DEFAULT** |

Defendants Kusum Vali, Inc. ("Kusum"), Sunil Patel ("S. Patel"), and Tejas Patel ("T. Patel") (collectively "Defendants") have filed a motion to set aside entry of default. For the reasons discussed below, Defendants' motion is conditionally **GRANTED**.

## I. FACTUAL BACKGROUND

On June 10, 2011, Plaintiff Choice Hotels International, Inc. ("Plaintiff") commenced this action. Plaintiff is the owner of a number of trademarks for the mark "ECONO LODGE" for use in connection with the provision of hotel and motel services. (Compl. ¶¶ 21-30.)

On or about March 31, 2007, Plaintiff entered into a Franchise Agreement with Kusum, S. Patel, T. Patel, and Navnit Khatri ("Khatri") (collectively "Kusum Vali Defendants"), which permitted them to operate an ECONO LODGE® hotel franchise at 330 North Imperial Avenue, El Centro, CA 92243 (the "Hotel"). (Compl. ¶ 31.) The Franchise Agreement

licensed the ECONO LODGE family of marks to the Kusum Vali Defendants for so long as the Franchise Agreement remained in effect. (Compl. ¶ 32.)

On or about March 11, 2010, Plaintiff issued a Notice of Termination of the Franchise Agreement to the Kusum Vali Defendants based on their failure to pay certain required fees under the terms of the Agreement. (Compl. ¶ 40.) The Notice of Termination instructed the Kusum Vali Defendants to cease use of any and all of the ECONO LODGE family of marks. (Compl. ¶¶ 41-42.) The Notice also advised the Kusum Vali Defendants that under the terms of the Agreement, they were obligated to pay Plaintiff $7,912.89 in franchise and related fees, $797.47 in travel agent commission fees, and $37,375.00 in lost profits. (Compl. ¶ 43.)

Plaintiff alleges that the Kusum Vali Defendants continued to use the ECONO LODGE family of marks in, around, and in publicity for, the Hotel. (Compl. ¶ 46.) Plaintiff asserts claims for infringement of federally registered trademark (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a), trademark infringement under California law, and violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200). Plaintiff seeks injunctive relief as well as damages, including profits received by the defendants from their wrongful actions, lost profits, loss of good will, and actual damages. Plaintiff also requests treble damages and attorney's fees and costs.

On July 18, 2011, default was entered against Kusum. On July 20, 2011, default was entered against S. Patel and T. Patel. On August 12, 2011, default was entered against Khatri.

On September 19, 2011, Plaintiff filed a motion for default judgment against the Kusum Vali Defendants. On October 16, 2011, attorney Frank A. Weiser filed on behalf of Kusum , S. Patel, and T. Patel, an "Opposition to the Motion for Entry of Default Judgment." In a declaration, S. Patel explained that he did not contact Mr. Weiser until after the defaults were entered due to a miscommunication between himself and his manager at the Valley View Inn. S. Patel explained that he did not pick up his mail on a daily basis and was suffering from emotional distress due to financial difficulties. S. Patel requested that he, T. Patel, and Kusum be allowed to defend themselves in this action and file an Answer.

In an order filed on November 15, 2011, the Court instructed Defendants that if they wished to set aside the entries of default, they were required to file a noticed motion for such relief. The Court gave Defendants until December 1, 2011, to file a motion to set aside entry of default.

On December 1, 2011, Kusum, S. Patel, and T. Patel filed a motion to set aside default and for leave to file an Answer to the Complaint.

## II. STANDARD

Fed. R. Civ. P. 55(c) provides that a court may set aside the entry of default "for good cause shown." Factors to be considered when deciding whether to set aside an entry of default for "good cause" include: (1) whether the defendant's "culpable conduct" led to the default; (2) whether the plaintiff would be prejudiced by a set-aside; and (3) whether the defendant can present a meritorious defense to the claim. Falk v. Allen, 739 F.2d 46, 463 (9th Cir. 1984); American Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1108 (9th Cir. 2000). If any one of these factors weighs against the defendant, the district court may refuse to set aside the default. Franchise Holding II v. Huntington Rests. Group, Inc., 375 F.3d 922, 925-26 (9th Cir. 2004).

However, "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk, 739 F.2d at 463. A court's discretion is especially broad when it is entry of default that a defendant seeks to set aside, rather than default judgment. Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986).

//
//
//
//
//

## III. **DISCUSSION**

Defendants Kusum, S. Patel, and T. Patel request that the Court set aside the entries of default against them. As discussed below, the Court finds that there is good cause for setting aside the entries of default provided that Defendants pay Plaintiff $7,500 as reasonable attorney's fees for bringing the motion for default judgment.

A. <u>Culpable Conduct</u>

Typically, a defendant's conduct is deemed "culpable" where "there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond." <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 698 (9th Cir. 2001). "[S]imple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default." <u>United States v. Signed Personal Check No. 730</u>, 615 F.3d 1085, 1093 (9th Cir. 2010).

The Court does not find Defendants' conduct to be culpable. According to S. Patel, Defendants were "subserved" with the Summons and Complaint at the Valley View Inn located at 2042 W. Valley Blvd., Rialto, CA 92376. (Decl. of S. Patel dated Oct. 11, 2011 (submitted in opposition to motion for default judgments), ¶ 10.) S. Patel did not pick up his mail at the Valley View Inn on a daily basis, and his mail pick-ups became more infrequent due to his financial troubles, which caused him severe emotional distress and depression. (<u>Id.</u> at ¶ 12.) S. Patel did not know that he was already in default by the time he met with Mr. Weiser in late July 2011. (<u>Id.</u> at ¶ 11.)

T. Patel explains that on June 30, 2008, he sold to S. Patel his interest in Kusum Vali and the Hotel. (Decl. of T. Patel, ¶ 5.) Since then, he has relied solely on S. Patel to handle all legal matters regarding Kusum and the Hotel. (<u>Id.</u> at ¶ 6.) S. Patel agrees that he was responsible for handling legal matters regarding Kusum and the Hotel on behalf of T. Patel. (Decl. of S. Patel dated Dec. 1, 2011 (submitted in support of motion to set aside default), ¶¶ 25-27.)

Although S. Patel acted negligently by failing to regularly pick up his mail, there is no evidence that Defendants knew about the lawsuit and deliberately failed to answer the Complaint. Absent any showing that Defendants acted in bad faith in connection with their failure to timely answer the Complaint, the Court concludes that Defendants did not engage in "culpable conduct."

B. <u>Prejudice</u>

To be prejudicial, the setting aside of a default must result in greater harm than simply delaying resolution of the case. <u>TC</u>I, 244 F.3d at 701. The standard is whether the plaintiff's ability to pursue his claim will be hindered. <u>Id.</u>

Plaintiff argues that it will be prejudiced because there is a risk that Defendants' assets will be lost or will be transferred to S. Patel's other LLC's. Kusum and S. Patel admit that they are suffering financial difficulties. In his declaration dated October 16, 2011, S. Patel explained that over the past year and one-half, he has lost three of his motels to foreclosure. (Decl. of S. Patel ¶ 3.) According to the Complaint, Saehan Bank acquired ownership of the Hotel in December, 2009. (Compl. ¶ 47.) There is no basis for concluding, however, that Kusum and S. Patel's financial condition drastically worsened during the several months that passed between the entry of default and the filing of Defendants' motion to set aside default. There is also no evidence indicating that Kusum or S. Patel are hiding assets or transferring funds elsewhere.

Plaintiff also argues that due to the passage of time, there is the danger of the loss of evidence and third-party witnesses. The Court is not persuaded that evidence has been lost and memories have deteriorated over a period of a little over four months.

The only potential prejudice the Court discerns is the attorney's fees Plaintiff incurred in bringing the motion for default judgment. Defendants knew that they were in default by the end of July. At that time, Mr. Weiser, Defendants' counsel, asked Plaintiff if it would stipulate to set aside the defaults. (Lindell Decl. ¶ 2.) Plaintiff's counsel responded that Plaintiff would not oppose any motion to set aside default made by Defendants if Defendants

agreed to file an answer instead of a motion in response to the Complaint. (Lindell Decl. ¶ 3.) Mr. Weiser did not respond to Plaintiff's counsel. (Lindell Decl. ¶ 3.) On October 16, 2011, Defendants filed their opposition to Plaintiff's motion for default judgment, and on December 1, 2011, Defendants filed their motion to set aside default.

After Defendants learned that they were in default, they should have immediately filed a motion to set aside default. Instead, they waited until Plaintiff had filed a motion for default judgment. Because Defendants caused Plaintiff to incur attorney's fees in connection with bringing the motion for default judgment, it is appropriate for the Court to condition the setting aside of the default upon the payment of reasonable attorney's fees. See, e.g., Brandt v. American Bankers Ins. Co. of Florida, 653 F.3d 1008, 1110 n. 1 (9th Cir. 2011) (district court imposed conditions on setting aside default judgment including reimbursement of attorney's fees and travel expenses). To alleviate any prejudice suffered by Plaintiff, the Court conditions the setting aside of the entries of default upon the payment by Defendants to Plaintiff of $7,500.00 (reasonable attorney's fees for bringing the motion for default judgment). The Court finds that a reasonable hourly rate for bringing the motion for default judgment is $300 per hour and that 25 hours were reasonably spent on the work, yielding a total of $7,500.

C. Meritorious Defense

A defendant seeking to set aside default must allege sufficient facts that, if true, would constitute a defense. TCI, 244 F.3d at 700. Whether the factual allegations are true is not determined by the court when it decides the motion to set aside the default. Signed Personal Check No 730, 615 F.3d at 1094. The defense can be to the issue of liability or amount of damages. See Key Bank of Maine v. Tablecloth Textile Co. Corp., 74 F.3d 349, 354-55 (1st Cir. 1996) (holding that the defendants possessed a potentially meritorious defense that the figures upon which the default judgment was premised were erroneous).

In its motion for default judgment, Plaintiff estimated that the Hotel "likely generated $349,331.51 during the 15 months of the Kusum Defendants' infringing activity." (Mot. for

Default Judgment at 11:21-23.) In their opposition to the motion for default judgment, Defendants submitted monthly rental reports for the Hotel for the period from March 2010 to March 2011, and calculated that the gross income for such period was approximately $146,721.08. (Def. Ex. B; Decl. of S. Patel dated Oct. 16, 2011, ¶ 19) S. Patel estimated that for the remaining months of the time period at issue, the gross income was no more than $15,000 to $18,000. (Decl. of S. Patel dated Oct. 16, 2011, ¶ 20.) Whether Defendants' figures are accurate need not be decided by the Court at this time. Defendants have alleged sufficient facts to support a potentially meritorious defense regarding the amount of damages. Therefore, setting aside the entries of default would not be futile.

D. Good Cause

Upon consideration of the factors discussed above, the Court concludes that there is good cause to set aside the entries of default against Defendants on the condition that Defendants pay Plaintiff $7,500, representing reasonable attorney's fees incurred in bringing the motion for default judgment.

E. Improper Service

Defendants argue that their motion to set aside default should be granted on the additional ground that service of process on Defendants was defective. The Court finds that Defendants waived this argument.

Courts have held that a party's right to dispute personal jurisdiction on the ground of insufficient service of process is waived if the party fails to assert that objection in his first Rule 12 motion, other initial pleading or general appearance. See In re Worldwide Web Sys., Inc., 328 F.3d 1291 (11th Cir. 2003) (holding that defendant waived his insufficient service of process argument by failing to include it in his Rule 60(b) motion). It is not necessary for a defendant to file an answer or motion in order for waiver to be found. Trustees of Central Laborers' Welfare Fund v. Lowery, 924 F.2d 731, 733 (7th Cir. 1991). "Where a defendant leads a plaintiff to believe that service is adequate and that no such defense will be

1 interposed, for example, courts have not hesitated to conclude that the defense is waived."
2 Id.

3       Here, Defendants' counsel contacted Plaintiff's counsel in July 2011, and asked
4 Plaintiff's counsel to stipulate to set aside the defaults. Defendants' counsel did not, at that
5 time or in any future conversation with Plaintiff's counsel, raise the issue of improper service.
6 (Opp. to Mot. to Set Aside Default at 13:19-20.) In an email dated October 12, 2011,
7 Defendants' counsel stated that he would file a response to Plaintiff's motion for default
8 judgment but hoped to resolve the case without further litigation. (Pl. Ex. B in support of
9 Opp.) Defendants' counsel said that he hoped to have a settlement offer to Plaintiff's
10 counsel the following week. (Id.)

11       In Defendants' opposition to the motion for default judgment, Defendants did not claim
12 that service was improper. In fact, Defendants requested that the entries of default be set
13 aside and that they be allowed to file a proposed Answer that was submitted with the
14 opposition papers. S. Patel seemed to acknowledge that Defendants were served: "The
15 defendants, including myself, were subserved at my motel called the Valley View Inn located
16 at 2042 W. Valley Blvd., Rialto, CA 92376." (Decl. of S. Patel dated Oct. 16, 2011, ¶ 10.)
17 There is no dispute that S. Patel actually received the papers that were left at the Valley View
18 Inn.

19       Based on the actions of Defendants, which led Plaintiff to believe that service was
20 adequate, the Court concludes that Defendants have waived their argument regarding
21 insufficient service.

22 //
23 //
24 //
25 //
26 //
27 //
28

## IV. **CONCLUSION**

For the reasons discussed above, Defendants' motion to set aside entry of default is **GRANTED** on the condition that Defendants pay Plaintiff $7,500 as reasonable attorney's fees for bringing the motion for default judgment. Defendants must, within 30 days of the filing of this Order, pay $7,500 to Plaintiff and file with the Court a certification that the payment has been made. After receipt of the certification, the Court will enter an order vacating the defaults against Defendants (Kusum Vali, Sunil Patel and Tejas Patel), and setting the time for Defendants to answer. If Defendants fail to make the required payment, the Court will enter an order denying the motion to vacate default.

**IT IS SO ORDERED.**

DATED: May 3, 2012

BARRY TED MOSKOWITZ, Chief Judge
United States District Court